John F. Scileppi, J.
Plaintiff sues to set aside a deed of conveyance to real property executed by the defendants M. Lawrence Madero and Geraldine Madero, his wife, to *33 Geraldine Tunick, on January 6, 1955 and recorded in the office of the register of the County of Queens on January 7, 1955 covering premises known as 14-17 111th Street, College Point, Queens County, New York, on the ground that said conveyance violates the provisions of article 10 of the Debtor and Creditor Law of the State of New York.
Plaintiff established that it obtained a judgment on April 15, 1955 in the Supreme Court, Nassau County, against the defendants Madero, for the sum of $5,196.39, on a promissory note made by them and dated January 3, 1955; that on January 3, 1955 they were the owners in fee simple of premises 14-17 111th Street, College Point, New York, and in possession thereof; that on January 6,1955 the defendants executed a deed of conveyance to said premises to Geraldine Tunick, who is the same person as Geraldine Madero, she having used her maiden name as grantee in said deed; that the said deed recites that the consideration was $10 and other good and valuable considerations. The plaintiff further established that upon the making of the conveyance aforesaid, the defendant M. Lawrence Madero had no property left in his name. Moreover, plaintiff’s witness, James Webb, an employee of the bank, established that both defendants advised him that they did not intend to pay the amount of the note afore-mentioned until certain work was completed to their satisfaction, and that the defendant M. Lawrence Madero stated that if he was sued thereon, he had nothing except the house, and if an attempt was made to proceed against it, he would transfer the title thereto. It was also established that said defendant stated in the presence of Mr. Webb, on March 18, 1955 in the district attorney’s office, that he transferred the property so that the bank could not get the house.
The defendants admit that the grantee in the deed of conveyance in question, namely Geraldine Tunick, is the same person as the defendant Geraldine Madero, and that Geraldine Tunick was her maiden name. They contend further that this transfer of title to the property was made for an antecedent debt due Mrs. Madero. They also contend that the promissory note upon which the judgment was obtained by the plaintiff was signed by them in blank, and that it was given for work, labor and services performed by Efgo Construction Corporation on defendants’ property, and that they resisted payment thereon when said corporation failed to complete its work.
This promissory note was a negotiable instrument, and the plaintiff bank became the holder thereof in due course, without notice and for a valuable consideration.
*34 It is clear from all of the evidence herein that the conveyance by the defendants herein to the alleged Geraldine Tunick was a fraudulent conveyance in violation of the provisions of article 10 of the Debtor and Creditor Law of the State of New York, and that said deed of conveyance was made with intent to defraud the defendants ’ creditors inferred in law. The defenses asserted by the defendants herein are not sufficient in law.
It may be unfortunate that the defendants did not receive all that they were to receive from the contractor who performed the work, but when they voluntarily executed a negotiable promissory note to the contracting corporation, without notice of any infirmities or knowledge of any defects brought home to the plaintiff, the plaintiff became the holder in due course. Moreover, an action was brought on the note for which a judgment was obtained against both defendants, and even though the judgment was a default judgment, and it is claimed the defendants intended to move to vacate the same, as of the date of the trial it was still in full force and effect and, therefore, cannot affect the plaintiff’s rights under the judgment which is still in full force and effect.
Accordingly, the plaintiff is entitled to a judgment herein for the relief demanded in the complaint, with costs, declaring the deed of conveyance hereinabove mentioned from the defendants to Geraldine Tunick null and void, and directing the register of the City of New York for the County of Queens to mark his records accordingly.
Submit findings and judgment on notice.